

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00565-CV

Christopher **EARLY**,
Appellant

v.

**TEXAS MUTUAL INSURANCE CO.**,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 17-07-0426-CVW
Honorable Russell Wilson, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: September 25, 2019

DISMISSED FOR WANT OF PROSECUTION

On August 7, 2019, appellant filed a notice of appeal stating his intention to appeal a judgment he states was signed on August 7, 2019 in trial court cause number 17-07-0426-CVW. On August 23, 2019, appellee filed a letter questioning this court's jurisdiction to consider appellant's appeal, noting the final judgment was signed on January 30, 2019, and the notice of appeal was filed six months after the final judgment was signed. Also on August 23, 2019, the trial court clerk filed a notification of late record stating appellant had failed to pay the fee for preparing the clerk's record.

Although a notice of appeal generally is required to be filed within thirty days after a final judgment is signed, a restricted appeal must be filed within six months after the judgment is signed. *See* TEX. R. APP. P. 26.1; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time). The final judgment signed by the trial court grants the appellee's motion for summary judgment. "[W]hen a party neither files a response nor appears at the hearing on a summary judgment motion, a restricted appeal is permissible." *Samples v. Dall. Cty. Special Civil Serv. Comm'n*, No. 05-14-00920-CV, 2015 WL 7873720, at \*4 (Tex. App.—Dallas Dec. 4, 2015, no pet.) (mem. op.). In the absence of a clerk's record, we could not determine whether appellant's notice of appeal was timely filed.

We therefore ordered appellant to provide written proof to this court by September 6, 2019 that either (1) the clerk's fee has been paid or arrangements have been made to pay the clerk's fee; or (2) appellant is entitled to appeal without paying the clerk's fee. We advised appellant that if he failed to respond within the time provided, this appeal would be dismissed for want of prosecution. *See* TEX. R. APP. P. 37.3(b). Appellant has not responded, and no clerk's record has been filed.

We therefore order this appeal dismissed for want of prosecution. *See id.* R. 38.8(a)(1), 42.3(b).

PER CURIAM